DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
         tfates@allenmatkins.com
         thsu@allenmatkins.com

Attorneys for Receiver
THOMAS SEAMAN

FILED
ENTERED

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 15 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                        DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

## LAS VEGAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **NOTICE OF APPOINTMENT OF RECEIVER (28 U.S.C. § 754); APPLICATION FOR MISCELLANEOUS CASE NUMBER** |
| v. | |
| STEVE CHEN, USFIA, INC., ALLIANCE FINANCIAL GROUP, INC., AMAUCTION, INC., ABORELL MGMT I, LLC, ABORELL ADVISORS I, LLC, ABORELL REIT II, LLC, AHOME REAL ESTATE, LLC, ALLIANCE NGN,INC., APOLLO REIT I, INC., APOLLO REIT II, LLC, AMKEY, INC., US CHINA CONSULTATION ASSOCIATION,  and QUAIL RANCH GOLF COURSE, LLC, | [Central District of California Case No. 2:15-cv-07425-RGK-GJS] |
| Defendants. | **15-MS-72** |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

ORIGINAL

**TO THIS HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 754, receiver Thomas Seaman (the "Receiver"), the Court-appointed permanent equity receiver for USFIA, Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Course, LLC, and their subsidiaries and affiliates, appointed by the United States District Court for the Central District of California in the case entitled *SEC v. CHEN, et al.*, Case No. CV-15-07425-RGK (GJSx) (the "Enforcement Action"), hereby files copies of the following documents in this district to provide notice of the Enforcement Action, the Receiver's appointment, and Orders issued in the Enforcement Action:

1. A true and correct copy of the Complaint filed in the Enforcement Action, attached hereto as Exhibit 1;

2. A true and correct copy of the Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Receiver; (3) Prohibiting the Destruction of Documents (4) Granting Expedited Discovery; and (5) Requiring Accountings; and Order To Show Cause Why A Preliminary Injunction Should Not Be Granted entered in the Enforcement Action, attached hereto as Exhibit 2; and

3. A true and correct copy of the Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the Destruction of Documents; and (4) Requiring Accountings entered in the Enforcement Action, attached hereto as Exhibit 3.

1        Based on the above, the Receiver hereby applies for a Miscellaneous Case

2  Number.

3

4  Dated:  October 13, 2015                ALLEN MATKINS LECK GAMBLE

5                                 MALLORY & NATSIS LLP

6                          By: _____

7                               TIM HSU
                                 Attorneys for Receiver

8                               THOMAS SEAMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1027431.01/LA

-3-

NOTICE OF APPOINTMENT OF RECEIVER

1   DONALD W. SEARLES Cal. Bar No. 135705
    Email: searlesd@sec.gov
2   PETER DEL GRECO Cal. Bar No. 164925
    Email: delgrecop@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Michele Wein Layne, Regional Director
5   Lorraine Echavarria, Associate Regional Director
    John W. Berry, Regional Trial Counsel
6   444 South Flower Street, Suite 900
    Los Angeles, California 90071
7   Telephone: (323) 965-3998
    Facsimile: (213) 443-1904
8

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 8 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12

13   SECURITIES AND EXCHANGE          Case No. CV 15-07425 RGK (GJSx)
     COMMISSION,
14                                    COMPLAINT
                Plaintiff,
15
          vs.
16                                    (FILED UNDER SEAL)
17   STEVE CHEN, USFIA, INC.,
     ALLIANCE FINANCIAL GROUP,
18   INC., AMAUCTION, INC.,
     ABORELL MGMT I, LLC,
19   ABORELL ADVISORS I, LLC,
     ABORELL REIT II, LLC, AHOME
20   REAL ESTATE, LLC, ALLIANCE
     NGN, INC., APOLLO REIT I, INC.,
21   APOLLO REIT II, LLC, AMKEY,
     INC., US CHINA CONSULTATION
22   ASSOCIATION, and QUAIL RANCH
     GOLF COURSE, LLC
23
                Defendants.
24

LODGED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

25

26   Plaintiff Securities and Exchange Commission (the "SEC") alleges as follows:

27                      JURISDICTION AND VENUE

28   1.    This Court has jurisdiction over this action pursuant to Sections 20(b),

1  20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§

2  77t(b), 77t(d)(1) and 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the

3  Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1),

4  78u(d)(3)(A), 78u(e), and 78aa.

5      2.     Defendants have, directly or indirectly, made use of the means or

6  instrumentalities of interstate commerce or of the mails, in connection with the

7  transactions, acts, practices and courses of business alleged in this Complaint.

8      3.     Venue is proper in this district pursuant to Section 22(a) of the Securities

9  Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa,

10  because certain of the transactions, acts, practices and courses of conduct constituting

11  violations of the federal securities laws occurred within this district. In addition,

12  venue is proper in this district because all defendants reside and transact business in

13  this district.

14                                **SUMMARY**

15      4.    This is an action brought to halt an ongoing securities offering fraud

16  perpetrated by defendant Steve Chen, and various purported business entities that he

17  operates and controls including defendants US Fine Investment Arts, Inc. ("USFIA"),

18  Alliance Financial Group, Inc. ("AFG"), Amauction, Inc., Aborell Mgmt I, LLC,

19  Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance

20  NGN, Inc., Apollo REIT I, Inc. Apollo REIT II, LLC, Amkey, Inc., US China

21  Consultation Association ("USCCA"), and Quail Ranch Golf Course, LLC. All of

22  these entities are co-located in an office building owned by one of Chen's business

23  entities, Apollo REIT II, LLC, located in Arcadia, California.

24      5.    According to its website, www.usfiainc.com, USFIA is a subsidiary of

25  and founded by US China Consultation Association ("USCCA"), which is

26  purportedly a joint venture between the Unites States and Chinese governments.

27  Beginning in approximately April 2013, Chen and USFIA began to raise, and have

28  continued to raise, significant funds from investors, totaling approximately $32

1 million. Among other false and misleading representations made by Chen, or by

2 others acting at his direction, to investors to cause them to invest in USFIA, Chen has

3 claimed that USFIA owns several large mines, including amber mines in the

4 Dominican Republic and Argentina; that an investment in USFIA was guaranteed to

5 increase in value sixty four times over a very short period; that USFIA was going to

6 conduct an initial public offering ("IPO") in the near future, and that investors would

7 receive or be entitled to receive pre-IPO shares in USFIA that would increase in value

8 once the company went public. No IPO ever took place. Later, in approximately

9 September 2014, investors were told that instead of cash or shares, they would

10 receive a cryptocurrency known as "Gemcoins" in exchange for their investment in

11 USFIA, which would greatly increase in value.

12      6.    In fact, Chen, through his various business entities, is operating nothing

13 more than a pyramid scheme, where investors are encouraged to build out a network

14 of downstream investors and are compensated on their ability to do so. The USFIA

15 amber-mining investments that Chen and his related business entities sold to

16 investors, with the prospect of receiving pre-IPO shares, as well the Gemcoin ~~offering~~

17 ~~constitute~~offering constitute securities under the federal securities laws.

18      7.    In offering and selling these securities to U.S. investors, Defendants,

19 acting with scienter, made material misrepresentations and omissions as to the value

20 of those securities and uses of investors' monies. By this conduct, Defendants have

21 violated and are violating the antifraud provisions of Section 17(a) of the Securities

22 Act, 15 U.S.C. § 77q, and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and

23 Rule 10b-5 thereunder.

24      8.    Defendants offered and sold these securities to U.S. investors in

25 unregistered transactions, with no available exemption from registration. In doing so,

26 Defendants have violated and are violating the registration provisions of Sections 5(a)

27 and 5(c) of the Securities Act, 15 U.S.C. § 77f.

28      9.    In the face of growing investor unrest, and negative publicity in the

1  press, Chen was interviewed by the Arcadia Police Department on September 15,

2  2015, regarding his operation of USFIA.  Immediately after that interview, Chen

3  attempted to wire $7.5 million out of USFIA's bank account at Bank of America to a

4  bank in the Peoples Republic of China.  The wire was broken down into two parts,

5  and $3.5 million was sent abroad, while the remainder is still held by the bank.

6      10.  In light of the Defendants' ongoing conduct, and Chen's recent efforts

7  to move investor funds overseas, the SEC seeks a temporary restraining order and

8  preliminary and permanent injunctions prohibiting future such violations and

9  prohibiting Defendants from soliciting, accepting or depositing any investor monies;

10  an order freezing Defendants' assets, appointing a temporary receiver, providing for

11  expedited discovery, requiring preservation of documents, and ordering an

12  accounting; and disgorgement of Defendants' ill-gotten gains, prejudgment interest,

13  and civil penalties.

## THE DEFENDANTS

15      11.  **Steve Chen.**  Steve Chen is a resident of Arcadia, California.

16      12.  **USFIA, Inc.**  USFIA, Inc. is an active California corporation located at

17  135 East Live Oak Avenue in Arcadia, California.  Steve Chen is its registered agent

18  and its sole principal.

19      13.  **Alliance Financial Group, Inc.** Alliance Financial Group, Inc. is a

20  California corporation located at 135 East Live Oak Avenue in Arcadia, California.

21  Promotional materials describe it as the holding company for the various entities

22  owned by Steve Chen.

23      14.  **Amauction, Inc.** Amauction, Inc. is an active California corporation

24  located at 135 East Live Oak Avenue in Arcadia, California.  Steve Chen is its

25  registered agent and its sole principal.

26      '15.  **Aborell Mgmt I, LLC.** Aborell Mgmt I, LLC is an active California

27  limited liability company located at 135 East Live Oak Avenue in Arcadia,

28  California.  Steve Chen is its registered agent and its sole manager.

Exhibit 1, Page 4 of 14

1    16.    **Aborell Advisors I, LLC**. Aborell Advisors I, LLC is an active
2  California limited liability company located at 135 East Live Oak Avenue in Arcadia,
3  California.  Steve Chen is its registered agent and its sole manager.

4    17.    **Aborell REIT II, LLC.** Aborell REIT II LLC is an active California
5  limited liability company located at 135 East Live Oak Avenue in Arcadia,
6  California.  Steve Chen is its registered agent.

7    18.    **Ahome Real Estate, LLC.** Ahome Real Estate, LLC is a California
8  limited liability company located at 135 East Live Oak Avenue in Arcadia,
9  California.  Steve Chen is its registered agent and its sole principal.  It purports to be
10  in the business of real estate and gemstone investments.

11    19.    **Alliance NGN, Inc.** Alliance NGN, Inc. is an active California
12  corporation located at 135 East Live Oak Avenue in Arcadia, California.  Steve Chen
13  is its registered agent and its sole principal.

14    20.    **Apollo REIT I,  Inc.** Apollo REIT I, Inc. was a California corporation
15  located at 12801 Schabarum Avenue in Irwindale, California.  Steve Chen was its
16  registered agent and its principal.

17    21.    **Apollo REIT II, LLC.** Apollo REIT II is a California limited liability
18  company located at 12801 Schabarum Avenue in Irwindale, California.  Steve Chen
19  is identified as its General Partner and 50% owner on a loan application it submitted
20  to JPMorgan Chase in 2011

21    22.    **Amkey, Inc.** Amkey, Inc. is an active California corporation located at
22  135 East Live Oak Avenue in Arcadia, California.  Steve Chen is its registered agent
23  and its sole principal.

24    23.    **US China Consultation Association.** US China Consultation
25  Association is an active California corporation located at 135 East Live Oak Avenue
26  in Arcadia, California.  Steve Chen is its registered agent and its sole principal.

27    24.    **Quail Ranch Golf Course, LLC.** Quail Ranch Golf Course LLC is a
28  California limited liability company located at 135 East Live Oak Avenue in Arcadia,

Exhibit 1, Page 5 of 14

1 | California. Steve Chen is its registered agent.

2 | **THE FRAUDULENT SCHEME**

3 | **A.    USFIA Initial Offering Materials**

4 | 25.    The USFIA is physically located in Arcadia, California, and its offerings

5 | were made, using the facilities of interstate commerce, to investors located in the

6 | United States, as well as overseas.  Investor funds were received by USFIA in the

7 | United States and those funds were maintained in U.S. bank accounts.

8 | 26.    USFIA's website is registered to Steve Chen and AFG.  Investors in

9 | USFIA received units of ownership in USFIA.  Chen represented that these units

10 | would be convertible to USFIA common stock, on a 1:1 basis, when USFIA went

11 | public. Chen also told investors that when USFIA went public, its common stock

12 | would not be worth less than $20 per share.  USFIA identified the units as "points" in

13 | the investor accounts it maintained on its computer system.

14 | 27.  In addition to receiving units or points in USFIA, investors also typically

15 | received an amount of amber, purportedly equal to 30% of their investment.   USFIA

16 | did sent the amber to investors, but upon obtaining appraisals of the amber, investors

17 | learned that the amber was practically worthless.

18 | 28.    USFIA also represented that it had an extensive bonus and award system

19 | to encourage investors to recruit additional investors.   As set forth in its written

20 | investor "Compensation Program," investors could choose from five different

21 | "packages" ranging in amounts of $1,000, $2,000, $5,000, $10,000 and $30,000.

22 | Depending on the type of package purchased by a downstream investor, the

23 | recommending investor would receive a 10% "Recommendation Award," and an

24 | additional "binary" reward based on sales of an investor's downline investors.

25 | Investors would also receive a "Recurring Bonus" generated by different

26 | "generations" of downstream investors, ranging from 5% to 20%.  USFIA's materials

27 | also represented that investors would receive minimum monthly income depending

28 | on how many teams of investors the investor managed.   USFIA's materials also

6

1  provided for other rewards, including a travel reward, a car reward (a BMW or

2  Mercedes Benz), and a house reward (for a house at the Quail Ranch Golf Course).

3  **B.    The "Gemcoin" Offering**

4       29.    Beginning on or about September 1, 2014, Chen's and USFIA's

5  investors were told that instead of receiving IPO shares in exchange for their units in

6  USFIA, they would be required to convert their units or points into "Gemcoins,"

7  some type of virtual currency which was to be issued by USFIA, and allegedly

8  secured by USFIA's amber mines in the Dominican Republic and Argentina. Chen

9  told investors that the conversion from USFIA units to Gemcoins was necessitated by

10  a change in U.S. government policy. According to Chen, this change also caused a

11  delay in the promised USFIA IPO by about two years, but when USFIA finally went

12  public investors would be able to use their Gemcoins to purchase USFIA stock.

13  **C.    Defendants' Misrepresentations and Omissions to Investors**

14       30.    In connection with Chen's "Gemcoin" offering, Chen, through the

15  USFIA website, and through secondary websites that link to websites Chen

16  controlled, made the following outlandish statements designed to encourage investors

17  to invest in Gemcoins, which on information and belief, the SEC believes to be false:

18  •   Gemcoin is growing exponentially and there are millions of Gemcoin

19      users around the world today;

20  •   Gemcoin's value is backed by Alliance Financial Group's mines around

21      the world;

22  •   Gemcoin is issued by USFIA Currency Fund, "a multinational

23      corporation" in California that is owned, supported and backed by AFG;

24  •   AFG is involved in the processing of world class jewelry, REITs,

25      biotech, information technology, and the aerospace industry;

26  •   AFG has more than $50 billion in assets worldwide and more than 2,000

27      business associates; and

28  •   AFG owns the unique Copper Pectolite mines and Rhodochrosite mines

1    in Argentina and El Valle mines in the Dominican Republic, where its

2    30,000 square foot mine produces 2/3 of the world's high-quality amber.

3       31.   In addition, through the USFIA website, and through secondary websites

4    that link to websites Chen controlled, made the following material misrepresentations

5    designed to encourage investors to invest in Gemcoins:

6        • the use of Gemcoin as a virtual currency has been legalized by the State

7          of California;

8        • Gemcoin is backed by $15 billion in assets and that there is "zero"

9          chance of devaluation because Gemcoins are backed by their equivalent

10         in precious stones; and

11       • that 2000 ATM platforms exist for converting Gemcoins into paper

12         money.

13      32.   In addition to these Internet-based misrepresentations, Chen, and others

14   acting on his behalf, made numerous oral representations to investors that were

15   equally incredible, and on information and belief the SEC believes are false,

16   including the following:

17       • that USFIA would open 3000 coffee shops in the next three years;

18       • that USFIA owned 70% of the amber mines in the Dominican Republic;

19       • that investors would receive amber equal in value to 30% of their

20         investment principal, in addition to units in USFIA, in exchange for their

21         investments;

22       • that Steve Chen founded China Unicom, had been an undersecretary to

23         the Secretary of States of the People Republic of China, and that the

24         USCCA reported to both the presidents of the United States and the

25         PRC; and

26       • that units in USFIA would increase exponentially every two months,

27         such that 10,000 units would become 100,000 units in two months, and

28         would double every two months after that.

1 | *Id.* ¶¶ 23, 34, 41-42, 45-46, 54, 86.

2 |     33.    In addition, Chen, and others acting on his behalf, made numerous oral

3 | misrepresentations to investors designed to encourage investors to invest in Gem

4 | Coins, including the following:

5 |        • the investors would be permitted to withdraw or sell their Gemcoins

6 |           within 60 days on investing;

7 |        • that investors would be able to sell their Gemcoins to other investors at

8 |           an online auction facility conducted on USFIA's website;

9 |        • that the price of Gemcoins would steadily increase over time;

10 |        • that the United States government has purchased 70% of the Gemcoins

11 |           in circulation; and,

12 |     34.    Defendants knew, or were reckless in not knowing, that all of the

13 | aforementioned statements and misrepresentations were false and misleading.

14 |     35.    Each of these statements and misrepresentations were also materially

15 | misleading to investors.   Indeed, USFIA never engaged in an IPO and investors have

16 | been unable to sell or auction off their Gemcoins, and their value is *de minimus*.

17 | **D.    Defendants' Commingling and Misuse of Investor Funds**

18 |     36.    During the period from July 2011 through May 2015, approximately $32

19 | million had been credited to USFIA's primary bank account at the Bank of America.

20 | Of that amount, almost $19 million came in the form of wires, made by individuals,

21 | primarily located in Asia, from foreign banks located in Asia.   Approximately $5.7

22 | million came in the form of checks, the majority of which were drawn on U.S. banks.

23 | It does not appear from USFIA's bank records that it had any apparent revenues

24 | during the period in issue.   Other amounts, both credited to and debited from

25 | USFIA's primary account at the Bank of America, consisted of transactions with

26 | corporate entities controlled by Chen, including Ahome Real Estate, Amauction,

27 | Amkey, Apollo REIT I, Apollo REIT II, and Quail Ranch Golf Course.   On

28 | information and belief, all of these funds represent funds obtained from investors in

1   connection with Chen's and USFIA's securities offering as many of the wires and

2   checks credited to USFIA's primary bank account at Bank of America were in

3   denominations of the investment amounts promoted by USFIA.

4          37.   In addition, substantial amounts were drawn out of USFIA's primary

5   bank account to purchase luxury automobiles, entertainment, travel, and as cash

6   withdrawals.

7          38.   In the face of growing investor unrest, and negative publicity in the

8   press, Chen was interviewed by the Arcadia Police Department on September 15,

9   2015, regarding his operation of USFIA. Immediately after that interview, Chen

10   attempted to wire $7.5 million out of USFIA's bank account at Bank of America to a

11   bank in the Peoples Republic of China. The wire was broken down into two parts,

12   and $3.5 million was sent abroad, while the remainder is still held by the bank.

13   **E.**    **Defendants' Offer and Sale of Securities Without Registration or**

14       **Exemption**

15         39.   Defendants did not register with the SEC any of securities they offered

16   or sold.

17         40.   Defendants' solicitations and offerings are ongoing.

18         41.   By his actions described herein, Chen was a necessary participant and a

19   substantial factor in the offer and sale of the securities described herein.

20

21                  **FIRST CLAIM FOR RELIEF**

22           **Unregistered Offer and Sale of Securities**

23       **Violations of Section 5(a) and (c) of the Securities Act**

24              **(against all Defendants)**

25         42.   The SEC realleges and incorporates by reference paragraphs 1 through 41

26   above.

27         43.   The USFIA and Gemcoin offerings that were offered and sold to U.S.

28   customers as alleged herein constitute "securities" as defined by the Securities Act and

1 | the Exchange Act.

2 |     44.    Defendants, by engaging in the conduct described above, directly or

3 | indirectly, singly and in concert with others, made use of the means or instruments of

4 | transportation or communication in interstate commerce, or of the mails, to offer to sell

5 | or to sell securities, or carried or caused to be carried through the mails or in interstate

6 | commerce, by means or instruments of transportation, securities for the purpose of sale

7 | or for delivery after sale, when no registration statement had been filed or was in effect

8 | as to such securities, and when no exemption from registration was applicable.

9 |     45.    By engaging in the conduct described above, Defendants violated, and

10 | unless restrained and enjoined, will continue to violate, Section 5(a) and (c) of the

11 | Securities Act, 15 U.S.C. §§ 77e.

12 | **SECOND CLAIM FOR RELIEF**

13 | **Fraud in the Offer or Sale of Securities**

14 | **Violations of Section 17(a) of the Securities Act**

15 | **(against all Defendants)**

16 |     46.    The SEC realleges and incorporates by reference paragraphs 1 through

17 | 41 above.

18 |     47.    Defendants, and each of them, by engaging in the conduct described

19 | above, directly or indirectly, in the offer or sale of securities by the use of means or

20 | instruments of transportation or communication in interstate commerce or by use of

21 | the mails:

22 |     (a)    with scienter, employed devices, schemes, or artifices to defraud;

23 |     (b)    obtained money or property by means of untrue statements of a

24 |     material fact or by omitting to state a material fact necessary in

25 |     order to make the statements made, in light of the circumstances

26 |     under which they were made, not misleading; or

27 |     (c)    engaged in transactions, practices, or courses of business which

28 |     operated or would operate as a fraud or deceit upon the purchaser.

1    48.   By engaging in the conduct described above, Defendants violated, and

2  unless restrained and enjoined, will continue to violate, Section 17(a) of the Securities

3  Act, 15 U.S.C. § 77q(a).

4                              **THIRD CLAIM FOR RELIEF**

5              **Fraud in Connection with the Purchase or Sale of Securities**

6            **Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

7                                **(against all Defendants)**

8    49.   The SEC realleges and incorporates by reference paragraphs 1 through

9  41 above.

10    50.   Defendants, by engaging in the conduct described above, directly or

11  indirectly, in connection with the purchase or sale of a security, by the use of means

12  or instrumentalities or interstate commerce, of the mails, or of the facilities of a

13  national securities exchange, with scienter:

14              (a) employed devices, schemes, or artifices to defraud;

15              (b) made untrue statements of a material fact or omitted to state a

16                  material fact necessary in order to make the statements made, in the

17                  light of the circumstances under which they were made, not

18                  misleading; or

19          (c)   engaged in acts, practices or courses of business which operated or

20                would operate as a fraud or deceit upon other persons.

21    51.   By engaging in the conduct described above, Defendants violated, and

22  unless restrained and enjoined, will continue to violate, Section 10(b) of the

23  Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

24                              **PRAYER FOR RELIEF**

25    WHEREFORE, the SEC respectfully requests that the Court:

26                                        **I.**

27    Issue findings of fact and conclusions of law that Defendants committed the

28  alleged violations.

## II.

Issue orders, in a form consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining Defendants and their agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 5(a) and (c) and Section 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5.

## III.

Issue orders, in a form consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining Defendants and their agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from soliciting, accepting, or depositing any monies from actual or prospective investors in connection with any offering of securities pursuant to Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act.

## IV.

Issue in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of Defendants Steven Chen, defendants US Fine Investment Arts ("USFIA"), Alliance Financial Group, Inc. ("AFG"), US China Consultation Association ("USCCA"), Amauction, Inc., Aborell REIT I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Apollo REIT I, Apollo REIT II, LLC, Amkey, Inc., and Quail Ranch Golf Club, LLC.; prohibiting each of the Defendants from destroying documents; and ordering accountings by each of the Defendants; and appointing a receiver over defendants US Fine Investment Arts ("USFIA"), Alliance Financial Group, Inc. ("AFG"), US China

1  Consultation Association ("USCCA"), Amauction, Inc., Aborell REIT I, LLC,

2  Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Apollo REIT I,

3  Apollo REIT II, LLC, Amkey, Inc., and Quail Ranch Golf Club, LLC.

### V.

5  Order Defendants to disgorge all ill-gotten gains from their illegal conduct,

6  together with prejudgment interest thereon.

### VI.

8  Order Defendants to pay civil penalties under Section 20(d) of the Securities

9  Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §

10  78u(d)(3).

### VII.

12  Retain jurisdiction of this action in accordance with the principles of equity and

13  the Federal Rules of Civil Procedure in order to implement and carry out the terms of

14  all orders and decrees that may be entered, or to entertain any suitable application or

15  motion for additional relief within the jurisdiction of this Court.

### VIII.

17  Grant such other and further relief as this Court may determine to be just and

18  necessary.

20  Dated:  September 22, 2015                    Respectfully submitted,

21                                                 /s/ Donald W. Searles

22                                                 Donald W. Searles
                                                   Peter Del Greco
23                                                 Attorneys for Plaintiff
24                                                 Securities and Exchange Commission

1   DONALD W. SEARLES Cal. Bar No. 135705
    Email: searlesd@sec.gov
2   PETER DEL GRECO Cal. Bar No. 164925
    Email: delgrecop@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Michele Wein Layne, Regional Director
5   Lorraine Echavarria, Associate Regional Director
    John W. Berry, Regional Trial Counsel
6   444 South Flower Street, Suite 900
    Los Angeles, California 90071
7   Telephone: (323) 965-3998
    Facsimile: (213) 443-1904
8

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 8 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13   SECURITIES AND EXCHANGE          Case No. **CV 15 - 07425** RGK(GJSx)
     COMMISSION,
14                                    **[PROPOSED] TEMPORARY**
15                Plaintiff,          **RESTRAINING ORDER AND**
                                      **ORDERS: (1) FREEZING ASSETS; (2)**
16        vs.                         **APPOINTING A RECEIVER; (3)**
                                      **PROHIBITING THE DESTRUCTION**
17   STEVE CHEN, USFIA, INC.,         **OF DOCUMENTS; (4) GRANTING**
     ALLIANCE FINANCIAL GROUP,        **EXPEDITED DISCOVERY; AND (5)**
18   INC., AMAUCTION, INC.,           **REQUIRING ACCOUNTINGS; AND**
     ABORELL MGMT I, LLC,             **ORDER TO SHOW CAUSE WHY A**
19   ABORELL ADVISORS I, LLC,         **PRELIMINARY INJUNCTION**
     ABORELL REIT II, LLC, AHOME      **SHOULD NOT BE GRANTED**
20   REAL ESTATE, LLC, ALLIANCE
     NGN,INC., APOLLO REIT I, INC.,
21   APOLLO REIT II, LLC, AMKEY,
     INC., US CHINA CONSULTATION      **(FILED UNDER SEAL)**
22   ASSOCIATION, and QUAIL RANCH
     GOLF COURSE, LLC
23
                  Defendants.
24

25

26        This matter came before the Court upon the *Ex Parte* Application for a

     Temporary Restraining Order and Order to Show Cause Why a Preliminary
27
     Injunction Should Not Be Granted (the "TRO Application") filed by Plaintiff
28

                                        1

                                                        Exhibit 2, Page 1 of 20

1  Securities and Exchange Commission ("SEC").

2      The Court, having considered the SEC's Complaint, the TRO Application, the

3  supporting Memorandum of Points and Authorities, the supporting declarations and

4  exhibits, and the other evidence and argument presented to the Court, finds that:

5      A.    This Court has jurisdiction over the parties to, and the subject matter of,

6          this action.

7      B.    Good cause exists to believe that:

8          (1)    Defendants Steven Chen, USFIA, Inc., Alliance Financial Group,

9              Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I,

10              LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance

11              NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey,

12              Inc., US China Consultation Association, and Quail Ranch Golf

13              Club, LLC, and each of them, have engaged in, are engaging in,

14              and are about to engage in transactions, acts, practices and courses

15              of business that constitute violations of Sections 5(a) and 5(c) of

16              the Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c)); and

17          (2)    Defendants Steven Chen, USFIA, Inc., Alliance Financial Group,

18              Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I,

19              LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance

20              NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey,

21              Inc., US China Consultation Association, and Quail Ranch Golf

22              Club, LLC, and each of them, have engaged in, are engaging in,

23              and are about to engage in transactions, acts, practices and courses

24              of business that constitute violations of Section17(a) of the

25              Securities Act (15 U.S.C. § 77q(a)) and Section 10(b) of the

26              Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule

27              10b-5 thereunder (17 C.F.R. § 240.10b-5).

28

2

Case 2:15-cv-07425-RGK    S    Document 8   Filed 09/28/15    3 of 20   Page ID #:105

1    C.    The SEC has demonstrated (1) a prima facie case that one or more

2          violations of the securities laws have occurred and (2) a reasonable

3          likelihood that the violations will be repeated.

4    D.    It is appropriate and the interests of justice require that the SEC's TRO

5          Application be granted without notice to Defendants as the SEC has set

6          forth in its Application the reasons supporting its claim that notice should

7          not be required, and it appears from specific facts shown by the

8          declarations filed by the SEC that immediate and irreparable injury, loss

9          or damage will result if notice is given to Defendants.

**I.**

11   IT IS HEREBY ORDERED that the SEC's application for a Temporary

12   Restraining Order and Order To Show Cause Why a Preliminary Injunction Should

13   Not Be Granted against Defendants Steven Chen, USFIA, Inc., Alliance Financial

14   Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC,

15   Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I,

16   Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association, and

17   Quail Ranch Golf Club, LLC, is GRANTED.

**II.**

19   IT IS FURTHER ORDERED that Defendants Steven Chen, USFIA, Inc.,

20   Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell

21   Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN,

22   Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation

23   Association, and Quail Ranch Golf Club, LLC. and their officers, agents, servants,

24   employees, attorneys, subsidiaries and affiliates, and those persons in active concert

25   or participation with any of them who receive actual notice of this Order, by personal

26   service or otherwise, and each of them, be and hereby are temporarily restrained and

27   enjoined from, directly or indirectly, in the absence of any applicable exemption:

28

Exhibit 2, Page 3 of 20

A.      unless a registration statement is in effect as to a security, making use of
any means or instruments of transportation or communication in
interstate commerce or of the mails to sell such security through the use
or medium of any prospectus or otherwise;

B.      unless a registration statement is in effect as to a security, carrying or
causing to be carried through the mails or in interstate commerce, by any
means or instruments of transportation, any such security for the purpose
of sale or for delivery after sale; or

C.      making use of any means or instruments of transportation or
communication in interstate commerce or of the mails to offer to sell or
offer to buy through the use or medium of any prospectus or otherwise
any security, unless a registration statement has been filed with the SEC
as to such security, or while the registration statement is the subject of a
refusal order or stop order or (prior to the effective date of the
registration statement) any public proceeding or examination under
Section 8 of the Securities Act, 15 U.S.C. § 77h in violation of Section 5
of the Securities Act, 15 U.S.C. § 77e.

## III.

IT IS FURTHER ORDERED that Defendants Steven Chen, USFIA, Inc.,
Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell
Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN,
Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation
Association, and Quail Ranch Golf Club, LLC, and their officers, agents, servants,
employees, attorneys, subsidiaries and affiliates, and those persons in active concert or
participation with any of them, who receive actual notice of this Order, by personal
service or otherwise, and each of them, be and hereby are temporarily restrained and
enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of

1  any means or instruments of transportation or communication in interstate commerce

2  or by the use of the mails:

3      A.    employing any device, scheme or artifice to defraud;

4      B.    obtaining money or property by means of any untrue statement of a

5          material fact or any omission to state a material fact necessary in order to

6          make the statements made, in light of the circumstances under which

7          they were made, not misleading; or

8      C.    engaging in any transaction, practice, or course of business which

9          operates or would operate as a fraud or deceit upon the purchaser;

10  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

11                                      **IV.**

12      IT IS FURTHER ORDERED that Defendants Steven Chen, USFIA, Inc.,

13  Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell

14  Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN,

15  Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation

16  Association, and Quail Ranch Golf Club, LLC, and their officers, agents, servants,

17  employees, attorneys, subsidiaries and affiliates, and those persons in active concert

18  or participation with any of them, who receive actual notice of this Order, by personal

19  service or otherwise, and each of them, be and hereby are temporarily restrained and

20  enjoined from, directly or indirectly, in connection with the purchase or sale of any

21  security, by the use of any means or instrumentality of interstate commerce, or of the

22  mails, or of any facility of any national securities exchange:

23      A.    employing any device, scheme or artifice to defraud;

24      B.    making any untrue statement of a material fact or omitting to state a

25          material fact necessary in order to make the statements made, in the light

26          of the circumstances under which they were made, not misleading; or

27      C.    engaging in any act, practice, or course of business which operates or

28          would operate as a fraud or deceit upon any person;

1   in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

2   thereunder, 17 C.F.R. § 240.10b-5.

### V.

4   IT IS HEREBY FURTHER ORDERED that defendants Steven Chen, USFIA,

5   Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell

6   Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN,

7   Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation

8   Association, and Quail Ranch Golf Club, LLC, and each of their agents, servants,

9   employees and attorneys and those persons in active concert or participation with

10  them who receive actual notice of this Order by personal service or otherwise,

11  including facsimile transmission, electronic mail, or overnight delivery service, are

12  hereby prohibited from soliciting, accepting, or depositing any monies from actual or

13  prospective investors in connection with any offering of securities.

### VI.

15  IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

16  Defendants Steven Chen, USFIA, Inc., Alliance Financial Group, Inc., Amauction,

17  Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome

18  Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC,

19  Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Club, LLC,

20  and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate,

21  and those persons in active concert with them, who receive actual notice of this

22  Order, by personal service or otherwise, and each of them, be and hereby are

23  temporarily restrained and enjoined from, directly or indirectly, transferring,

24  assigning, selling, hypothecating, changing, wasting, dissipating, converting,

25  concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets,

26  securities, claims or other real or personal property, including any notes or deeds of

27  trust or other interest in real property, wherever located, of any one of the

28  Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or

1   in the possession or custody of any of them and from transferring, encumbering

2   dissipating, incurring charges or cash advances on any debit or credit card of the

3   credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

4                                             **VII.**

5       IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

6   an immediate freeze shall be placed on all monies and assets (with an allowance for

7   necessary and reasonable living expenses to be granted only upon good cause shown

8   by application to the Court with notice to and an opportunity for the SEC to be heard)

9   in all accounts at any bank, financial institution or brokerage firm, or Internet or "e-

10   commerce" payment processor, all certificates of deposit, and other funds or assets,

11   held in the name of, for the benefit of, or over which account authority is held by

12   Defendants Steven Chen, USFIA, Inc., Alliance Financial Group, Inc., Amauction,

13   Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome

14   Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC,

15   Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Club, LLC,

16   including but not limited to the accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | USFIA, Inc. | XXXX-XXXX-0123 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-7578 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-5882 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-6182 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| East West Bank | USFIA, Inc. | XX-XXXXX7483 |
| Bank of America | Steve Chen & Luyang Li | XXXX-XXXX-1550 |
| Bank of America | Steve Chen & Luyang Li | XXXX-XXXX-7776 |
| Far East National Bank | Li Chen a/k/a/ Steve Chen | XXXXX5058 |
| Chase Bank | Steve Chen | XXXXX7818 |
| Chase Bank | Wei He or Li Chen | XXXXXX1716 |
| Bank of America | Amauction, Inc. | XXXX-XXXX-7980 |
| National Bank of California | Amauction, Inc. | XXX-XX1158 |
| East West Bank | Amauction, Inc. | XX-XXXX8019 |
| Bank of America | Ahome Real Estate, LLC | XXXX-XXXX-7811 |
| Bank of America | Ahome Real Estate, LLC | XXXX-XXXX-9668 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-7970 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Amkey, Inc. | XXXX-XXXX-8413 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-8465 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-8517 |
| National Bank of California | Amkey, Inc. | XXX3589 |
| Far East National Bank | Amkey, Inc. | XXXXX0567 |
| Bank of America | Aborell REIT II, LLC | XXXX-XXXX-3578 |
| JPMorgan Chase | Aborell REIT II, LLC | XXX-XX7101 |
| Bank of America | Aborell Management I, LLC | XXXX-XXXX-3688 |
| Bank of America | Aborell Advisors I, LLC | XXXX-XXXX-3675 |
| Bank of America | Alliance NGN, Inc. | XXXXX-X0450 |
| Bank of America | Alliance NGN, Inc. | XXXX-XXXX-9564 |

9

Case 2:15-cv-07425-RGK ●s⁹   Document 8   Filed 09/28/15   P● 10 of 20   Page ID #:112

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Alliance NGN, Inc. | XXXXX-X7774 |
| Bank of America | Alliance NGN, Inc. | XXXXX-X8089 |
| Bank of America | Apollo REIT I | XXXX-XXXX-0222 |
| JPMorgan Chase | Apollo REIT II, LLC | XXX-XX7768 |
| Bank of America | US China Consultation Association | XXXX-XXXX-6580 |
| Bank of America | US China Consultation Association | XXXX-XXXX-5788 |
| Bank of America | Alliance Financial Group | XXXX-XXXX-0086 |
| Bank of America | Quail Ranch Golf Club, LLC | XXXX-XXXX-8268 |
| Bank of America | Quail Ranch Golf Club, LLC | XXXX-XXXX-8226 |
| Bank of America | Li Chen & Li Zhao | XXXXX-X2299 |
| Far East National Bank | Amkey, Inc. | XXX-XX0028 |

Exhibit 2, Page 10 of 20

| Bank Name | Account Name | Account Number |
|---|---|---|
| First Regional Bank | Amkey, Inc. | XXX-XX0048 |
| First Regional Bank | Amkey VOIP | XXX-XX1813 |
| Bank of America | Aborell Investment Associates I, LLC | XXXX-XXXX-3659 |
| Torrey Pines Bank | Aborell REIT II, LLC | XXXXX-X6620 |
| Bank of America | Apollo Advisors I, LLC | XXXXX-X0157 |
| Bank of America | Apollo Investors | XXXX-X3662 |
| Bank of America | Apollo Mgmt I, LLC | XXXXX-X0171 |
| Bank of America | Apollo REIT II, LLC | XXXXX-X0203 |
| HSBC | Alliance NGN, Inc. | XXXXX9610 |
| Far East National Bank | Ammine SRL | XXX0053 |

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with



1  any of them, who receive actual notice of this Order, by personal service or

2  otherwise, and each of them, be and hereby are temporarily restrained and enjoined

3  from, directly or indirectly: destroying, mutilating, concealing, transferring, altering,

4  or otherwise disposing of, in any manner, any documents, which includes all books,

5  records, computer programs, computer files, computer printouts, contracts, emails,

6  correspondence, memoranda, brochures, or any other documents of any kind in their

7  possession, custody or control, however created, produced, or stored (manually,

8  mechanically, electronically, or otherwise), pertaining in any manner to Defendants

9  Steven Chen, USFIA, Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell

10  Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate,

11  LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc.,

12  US China Consultation Association, and Quail Ranch Golf Club, LLC.

13  ## IX.

14      IT IS FURTHER ORDERED that Defendants Steven Chen, USFIA, Inc.,

15  Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell

16  Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN,

17  Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation

18  Association, and Quail Ranch Golf Club, LLC, within five days of the issuance of

19  this Order, shall prepare and deliver to the SEC a detailed and complete schedule of

20  all of their personal assets, including all real and personal property exceeding $5,000

21  in value, and all bank, securities, and other accounts identified by institution, branch

22  address and account number.  The accounting shall include a description of the

23  sources of all such assets.  Such accounting shall be filed with the Court and a copy

24  shall be delivered to the SEC's Los Angeles Regional Office to the attention of

25  Donald W. Searles, Trial Counsel.  After completion of the accounting, each of the

26  Defendants shall produce to the SEC's Los Angeles Regional Office, at a time

27  agreeable to the SEC, all books, records and other documents supporting or

28  underlying their accounting.

## X.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or the Funds, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XI.

IT IS FURTHER ORDERED that Thomas Seaman is appointed as temporary receiver of Defendant USFIA, Inc., Alliance Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association, and Quail Ranch Golf Club, LLC, (collectively, the "Receivership Entities") and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entities and their subsidiaries and affiliates and that such receiver is immediately authorized, empowered and directed:

A.  to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Receivership Entities and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody,

13

1    control, and possession of all property of the Receivership Entities

2    property, and that of their subsidiaries and affiliates);

3    B.   to have control of, and to be added as the sole authorized signatory for,

4    all accounts of the entities in receivership, including all accounts at any

5    bank, title company, escrow agent, financial institution or brokerage firm

6    (including any futures commission merchant) which has possession,

7    custody or control of any assets or funds of the Receivership Entities and

8    their subsidiaries and affiliates, or which maintains accounts over which

9    the Receivership Entities and their subsidiaries and affiliates, and/or any

10   of its employees or agents have signatory authority;

11   C.   to conduct such investigation and discovery as may be necessary to

12   locate and account for all of the assets of or managed by the

13   Receivership Entities and their subsidiaries and affiliates, and to engage

14   and employ attorneys, accountants and other persons to assist in such

15   investigation and discovery;

16   D.   to take such action as is necessary and appropriate to preserve and take

17   control of and to prevent the dissipation, concealment, or disposition of

18   any assets of or managed by the Receivership Entities and their

19   subsidiaries and affiliates;

20   E.   to make an accounting, as soon as practicable, to this Court and the SEC

21   of the assets and financial condition of the Receivership Entities, and to

22   file the accounting with the Court and deliver copies thereof to all

23   parties;

24   F.   to make such payments and disbursements from the funds and assets

25   taken into custody, control, and possession or thereafter received by him

26   or her, and to incur, or authorize the making of, such agreements as may

27   be necessary and advisable in discharging his or her duties as temporary

28   receiver;

1     G.    to employ attorneys, accountants, and others to investigate and, where

2             appropriate, to institute, pursue, and prosecute all claims and causes of

3             action of whatever kind and nature which may now or hereafter exist as

4             a result of the activities of present or past employees or agents of the

5             Receivership Entities and their subsidiaries and affiliates; and

6     H.    to have access to and monitor all mail, electronic mail, and video phone

7             of the entities in receivership in order to review such mail, electronic

8             mail, and video phone which he or she deems relates to their business

9             and the discharging of his or her duties as temporary receiver.

10                               **XII.**

11     IT IS FURTHER ORDERED that the Receivership Entities and their officers,

12 agents, servants, employees and attorneys, and any other persons who are in custody,

13 possession or control of any assets, collateral, books, records, papers or other

14 property of or managed by any of the entities in receivership, shall forthwith give

15 access to and control of such property to the temporary receiver.

16                               **XIII.**

17     IT IS FURTHER ORDERED U.S. Marshall's Office shall assist Mr. Seaman

18 with the seizure of the assets of the Entity Defendants and the securing of the Entity

19 Defendants' business premises at 135 Live Oak Avenue, in Arcadia, California.

20                               **XIV.**

21     IT IS FURTHER ORDERED that no officer, agent, servant, employee or

22 attorney of the Receivership Entities shall take any action or purport to take any

23 action, in the name of or on behalf of the Receivership Entities without the written

24 consent of the temporary receiver or order of this Court.

25                               **XV.**

26     IT IS FURTHER ORDERED that, except by leave of this Court, during the

27 pendency of this receivership, all clients, investors, trust beneficiaries, note holders,

28 creditors, claimants, lessors and all other persons or entities seeking relief of any

1  kind, in law or in equity, from the Receivership Entities, or their subsidiaries or

2  affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note

3  holder, creditor, claimant, lessor, consultant group or other person, including sheriffs,

4  marshals, servants, agents, employees and attorneys, are hereby restrained and

5  enjoined from, directly or indirectly, with respect to these persons and entities:

6        A.     commencing, prosecuting, continuing or enforcing any suit or

7                 proceeding (other than the present action by the SEC or any other action

8                 by the government) against any of them;

9        B.     using self-help or executing or issuing or causing the execution or

10                 issuance of any court attachment, subpoena, replevin, execution or other

11                 process for the purpose of impounding or taking possession of or

12                 interfering with or creating or enforcing a lien upon any property or

13                 property interests owned by or in the possession of the Receivership

14                 Entities; and

15        C.     doing any act or thing whatsoever to interfere with taking control,

16                 possession or management by the temporary receiver appointed

17                 hereunder of the property and assets owned, controlled or managed by or

18                 in the possession of the Receivership Entities, or in any way to interfere

19                 with or harass the temporary receiver or his or her attorneys,

20                 accountants, employees, or agents or to interfere in any manner with the

21                 discharge of the temporary receiver's duties and responsibilities

22                 hereunder.

23                      **XVI.**

24       IT IS FURTHER ORDERED that the Receivership Entities, and their

25  subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall

26  cooperate with and assist the temporary receiver and shall take no action, directly or

27  indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or

28  his or her attorneys, accountants, employees or agents, in the conduct of the

1     temporary receiver's duties or to interfere in any manner, directly or indirectly, with

2     the custody, possession, management, or control by the temporary receiver of the

3     funds, assets, collateral, premises, and choses in action described above.

4                              **XVII.**

5        IT IS FURTHER ORDERED that the Receivership Entities and their

6     subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary

7     receiver incurred in connection with the performance of his or her duties described in

8     this Order, including the costs and expenses of those persons who may be engaged or

9     employed by the temporary receiver to assist him or her in carrying out his or her

10    duties and obligations.  All applications for costs, fees, and expenses for services

11    rendered in connection with the receivership other than routine and necessary

12    business expenses in conducting the receivership, such as salaries, rent, and any and

13    all other reasonable operating expenses, shall be made by application setting forth in

14    reasonable detail the nature of the services and shall be heard by the Court.

15                          **XVIII.**

16       IT IS FURTHER ORDERED that no bond shall be required in connection with

17    the appointment of the temporary receiver.  Except for an act of gross negligence, the

18    temporary receiver shall not be liable for any loss or damage incurred by any of the

19    defendants, their officers, agents, servants, employees and attorneys or any other

20    person, by reason of any act performed or omitted to be performed by the temporary

21    receiver in connection with the discharge of his or her duties and responsibilities.

22                          **XIX.**

23       IT IS FURTHER ORDERED that representatives of the SEC and any other

24    government agency are authorized to have continuing access to inspect or copy any

25    or all of the corporate books and records and other documents of the Receivership

26    Entities and continuing access to inspect their funds, property, assets and collateral,

27    wherever located.

28                          **XX.**



1    IT IS FURTHER ORDERED that the SEC's application for expedited

2 discovery concerning Defendants, their assets and activities, is granted and that,

3 commencing with the time and date of this Order, in lieu of the time periods, notice

4 provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal

5 Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery

6 shall proceed as follows:

7    (A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC

8 may take depositions upon oral examination on two days' notice of any such

9 deposition.  Depositions may be taken Monday through Saturday.  As to the

10 Defendants and their agents, servants, promoters, employees, brokers, associates, and

11 any person who transferred money to or received money from the bank accounts

12 identified above, the SEC may depose such witnesses after serving a deposition

13 notice by facsimile, hand or overnight courier upon such individuals, and without

14 serving a subpoena on such witness.  Depositions that have not been signed by the

15 witness may be used for purposes of the hearing on the SEC's application for

16 preliminary injunction;

17    (B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each

18 Defendant shall answer the SEC's interrogatories within three days of service of such

19 interrogatories upon each Defendant;

20    (C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each

21 Defendant shall produce all documents requested by the SEC within three days of

22 service of such request, with production of the documents made to Donald W.

23 Searles, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900,

24 Los Angeles, CA 90071, or such person or place as counsel for the SEC may direct in

25 writing;

26    (D)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each

27 Defendant shall respond to the SEC's requests for admissions within three days of

28 such requests; and

1     (E)    All written responses to the SEC's requests for discovery under the

2 Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to

3 the SEC to the attention of Donald W. Searles, U.S. Securities and Exchange

4 Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, or such other

5 place and person as counsel for the SEC may direct in writing.

6 **XXI.**

7     IT IS FURTHER ORDERED that this Temporary Restraining Order shall

8 expire at _____ on 10/13, 2015, unless for good cause shown it is extended or the

9 parties against whom it is directed consent that it may be extended for a longer

10 period.

11 **XXII.**

12     IT IS FURTHER ORDERED that ~~at _____ on _____, 2015, or as soon~~ *the court will take the matter under submission.*

13 ~~thereafter as the parties may be heard, the Defendants shall appear~~ before the *The parties need not*

14 Honorable R. Gary Klausner _____, Judge of the United States District Court for the *appear.*

15 Central District of California, to show cause, if there be any, why a preliminary

16 injunction should not be granted. Any declarations, affidavits, points and authorities,

17 or other submissions in support of, or in opposition to, the issuance of such an Order

18 shall be filed with the Court and delivered to Donald W. Searles, U.S. Securities and

19 Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, and

20 the offices of the Defendants or their attorneys no later than _____ on 10/05, 2015.

21 Any reply papers shall be filed with the Court and delivered to opposing counsel no

22 later than _____ on 10/07, 2015.

23 **XXIII.**

24     IT IS FURTHER ORDERED that this Temporary Restraining Order shall

25 expire at _____ on 10/13, 2015 unless for good cause shown it is extended or the

26 parties against whom it is directed consent that it may be extended for a longer

27 period.

28

1

**XXIV**

*The Court will take the matter under submission. The*

2      IT IS FURTHER ORDERED that ~~at _____ on _____, 2015, or as soon~~ *parties*

*need not*

3   ~~thereafter as the parties may be heard, the Defendants, and each of them, shall appear~~ *appear.*

4 before the Honorable R. Gary Klausner , Judge of the United States District

5 Court for the Central District of California, to show cause, if there be any, why a

6 preliminary injunction should not be granted. Any declarations, affidavits, points and

7 authorities, or other submissions in support of, or in opposition to, the issuance of

8 such an Order shall be filed with the Court and delivered to the SEC's Los Angeles

9 office and the offices of the Defendants or their attorneys no later than _____ on 10/05

10 2015. Any reply papers shall be filed with the Court and delivered to opposing

11 counsel no later than _____ on 10/07 2015. Service of all such papers shall be by

12 electronic mail, facsimile, or personal service.

13

**XXV.**

14      IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

15 action for the purpose of implementing and carrying out the terms of all orders and

16 decrees which may be entered herein and to entertain any suitable application or

17 motion for additional relief within the jurisdiction of this Court.

18

19      IT IS SO ORDERED.

20     SEP 2 8 2015

21 Dated: _____ ~~, 2015~~

22                UNITED STATES DISTRICT JUDGE

23

24 Presented by:
   Donald W. Searles

25 Attorney for Plaintiff
   Securities and Exchange Commission

26

27

28

1  DONALD W. SEARLES Cal. Bar No. 135705
   Email: searlesd@sec.gov
2  PETER DEL GRECO Cal. Bar No. 164925
   Email: delgrecop@sec.gov
3
4  Attorneys for Plaintiff
   Securities and Exchange Commission
5  Michele Wein Layne, Regional Director
   Lorraine Echavarria, Associate Regional Director
   John W. Berry, Regional Trial Counsel
6  444 South Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904

8

9              **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  | SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 15-07425 (RGK)(GJSx) |
14
15  Plaintiff,

16  vs.                                  **PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) REQUIRING ACCOUNTINGS**

17  STEVE CHEN, USFIA, INC., ALLIANCE FINANCIAL GROUP, INC., AMAUCTION, INC., ABORELL MGMT I, LLC, ABORELL ADVISORS I, LLC, ABORELL REIT II, LLC, AHOME REAL ESTATE, LLC, ALLIANCE NGN,INC., APOLLO REIT I, INC., APOLLO REIT II, LLC, AMKEY, INC., US CHINA CONSULTATION ASSOCIATION, and QUAIL RANCH GOLF COURSE, LLC

18

19

20                                       Dkt. 11

21

22

23  Defendants.

24

25      This matter is before the Court on the Consents and Stipulations to Entry of

26  Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent

27  Receiver; (3) Prohibiting the Destruction of Documents; and (4) Requiring

28

1 | Accountings of Defendants Steve Chen ("Chen"), and USFIA, Inc., Alliance
2 | Financial Group, Inc., Amauction, Inc., Aborell Mgmt I, LLC, Aborell Advisors I,
3 | LLC, Aborell REIT II, LLC, Ahome Real Estate, LLC, Alliance NGN, Inc., Apollo
4 | REIT I, Inc., Apollo REIT II, LLC, Amkey, Inc., US China Consultation Association,
5 | and Quail Ranch Golf Course, LLC ("the Entity Defendants") (collectively, "the
6 | Defendants").

7     The Court, having previously issued a Temporary Restraining Order and
8 | Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Prohibiting
9 | the Destruction of Documents; (4) Granting Expedited Discovery; and (5) Requiring
10 | Accountings and Order To Show Cause Re Preliminary Injunction on September 28,
11 | 2015 ("TRO"); and having considered the SEC's Complaint, the TRO Application,
12 | the supporting Memorandum of Points and Authorities, the supporting declarations
13 | and exhibits, the other evidence and argument presented to the Court, as well as the
14 | Consents and Stipulations, finds that:

15     A.    This Court has jurisdiction over the parties to, and the subject matter of,
16         this action.
17     B.    Chen and the Entity Defendants have consented to the entry of a
18         preliminary injunction on the terms below, and do not contest the
19         appointment of a permanent receiver during the pendency of this action.

**I.**

21     IT IS HEREBY ORDERED that the parties' Consents and Stipulations are
22 | GRANTED.

**II.**

24     IT IS FURTHER ORDERED that Chen and the Entity Defendants and their
25 | officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those
26 | persons in active concert or participation with any of them who receive actual notice
27 | of this Order, by personal service or otherwise, and each of them, be and hereby are
28

1  preliminarily restrained and enjoined, pending trial in this action, from directly or

2  indirectly, in the absence of any applicable exemption:

3      A.    unless a registration statement is in effect as to a security, making use of

4          any means or instruments of transportation or communication in

5          interstate commerce or of the mails to sell such security through the use

6          or medium of any prospectus or otherwise;

7      B.    unless a registration statement is in effect as to a security, carrying or

8          causing to be carried through the mails or in interstate commerce, by any

9          means or instruments of transportation, any such security for the purpose

10          of sale or for delivery after sale; or

11      C.    making use of any means or instruments of transportation or

12          communication in interstate commerce or of the mails to offer to sell or

13          offer to buy through the use or medium of any prospectus or otherwise

14          any security, unless a registration statement has been filed with the SEC

15          as to such security, or while the registration statement is the subject of a

16          refusal order or stop order or (prior to the effective date of the

17          registration statement) any public proceeding or examination under

18          Section 8 of the Securities Act, 15 U.S.C. § 77h;

19  in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

20  **III.**

21      IT IS FURTHER ORDERED that Chen and the Entity Defendants and their

22  officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

23  persons in active concert or participation with any of them, who receive actual notice

24  of this Order, by personal service or otherwise, and each of them, be and hereby are

25  preliminarily restrained and enjoined, pending trial in this action, from directly or

26  indirectly, in the offer or sale of any securities, by the use of any means or instruments

27  of transportation or communication in interstate commerce or by the use of the mails:

28      A.    employing any device, scheme or artifice to defraud;

1    B.    obtaining money or property by means of any untrue statement of a

2          material fact or any omission to state a material fact necessary in order to

3          make the statements made, in light of the circumstances under which

4          they were made, not misleading; or

5    C.    engaging in any transaction, practice, or course of business which

6          operates or would operate as a fraud or deceit upon the purchaser;

7  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

8                                    **IV.**

9       IT IS FURTHER ORDERED that Chen and the Entity Defendants and their

10 officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

11 persons in active concert or participation with any of them, who receive actual notice

12 of this Order, by personal service or otherwise, and each of them, be and hereby are

13 preliminarily restrained and enjoined, pending trial in this action, from directly or

14 indirectly, in connection with the purchase or sale of any security, by the use of any

15 means or instrumentality of interstate commerce, or of the mails, or of any facility of

16 any national securities exchange:

17   A.    employing any device, scheme or artifice to defraud;

18   B.    making any untrue statement of a material fact or omitting to state a

19          material fact necessary in order to make the statements made, in the light

20          of the circumstances under which they were made, not misleading; or

21   C.    engaging in any act, practice, or course of business which operates or

22          would operate as a fraud or deceit upon any person;

23 in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

24 thereunder, 17 C.F.R. § 240.10b-5.

25                                    **V.**

26       IT IS HEREBY FURTHER ORDERED that Chen and the Entity Defendants

27 and each of their agents, servants, employees and attorneys and those persons in

28 active concert or participation with them who receive actual notice of this Order by

1   personal service or otherwise, including facsimile transmission, electronic mail, or

2   overnight delivery service, are hereby preliminarily restrained and enjoined, from

3   soliciting, accepting, or depositing any monies from actual or prospective investors in

4   connection with any offering of securities.

5                                    **VI.**

6        IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

7   Chen and the Entity Defendants and their officers, agents, servants, employees,

8   attorneys, subsidiaries and affiliate, and those persons in active concert with them,

9   who receive actual notice of this Order, by personal service or otherwise, and each of

10  them, be and hereby are preliminarily restrained and enjoined, pending trial in this

11  action, from, directly or indirectly, transferring, assigning, selling, hypothecating,

12  changing, wasting, dissipating, converting, concealing, encumbering, or otherwise

13  disposing of, in any manner, any funds, assets, securities, claims or other real or

14  personal property, including any notes or deeds of trust or other interest in real

15  property, wherever located, of any one of the Defendants, or their subsidiaries or

16  affiliates, owned by, controlled by, managed by or in the possession or custody of any

17  of them and from transferring, encumbering dissipating, incurring charges or cash

18  advances on any debit or credit card of the credit arrangement of any one of the

19  Defendants, or their subsidiaries and affiliates.

20                                   **VII.**

21       IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

22  the freeze, previously ordered by the TRO, shall remain in place on all monies and

23  assets (with an allowance for necessary and reasonable living expenses and/or

24  attorney's fees (including attorney's fees for services rendered before Chen was

25  served with the SEC complaint or TRO) to be granted only upon good cause shown

26  by application to the Court with notice to and an opportunity for the SEC to be heard)

27  in all accounts at any bank, financial institution or brokerage firm, or Internet or "e-

28  commerce" payment processor, all certificates of deposit, and other funds or assets,

held in the name of, for the benefit of, or over which account authority is held by
Chen and the Entity Defendants, including but not limited to the accounts listed
below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | USFIA, Inc. | XXXX-XXXX-0123 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-7578 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-5882 |
| Bank of America | USFIA, Inc. | XXXX-XXXX-6182 |
| East West Bank | USFIA, Inc. | XX-XXXX7483 |
| Bank of America | Steve Chen & Luyang Li | XXXX-XXXX-1550 |
| Bank of America | Steve Chen & Luyang Li | XXXX-XXXX-7776 |
| Far East National Bank | Li Chen a/k/a/ Steve Chen | XXXXX5058 |
| Chase Bank | Steve Chen | XXXXX7818 |
| Chase Bank | Wei He or Li Chen | XXXXXX1716 |
| Bank of America | Amauction, Inc. | XXXX-XXXX-7980 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| National Bank of California | Amauction, Inc. | XXX-XX1158 |
| East West Bank | Amauction, Inc. | XX-XXXX8019 |
| Bank of America | Ahome Real Estate, LLC | XXXX-XXXX-7811 |
| Bank of America | Ahome Real Estate, LLC | XXXX-XXXX-9668 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-7970 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-8413 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-8465 |
| Bank of America | Amkey, Inc. | XXXX-XXXX-8517 |
| National Bank of California | Amkey, Inc. | XXX3589 |
| Far East National Bank | Amkey, Inc. | XXXXX0567 |
| Bank of America | Aborell REIT II, LLC | XXXX-XXXX-3578 |
| JPMorgan Chase | Aborell REIT II, LLC | XXX-XX7101 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Aborell Management I, LLC | XXXX-XXXX-3688 |
| Bank of America | Aborell Advisors I, LLC | XXXX-XXXX-3675 |
| Bank of America | Alliance NGN, Inc. | XXXXX-X0450 |
| Bank of America | Alliance NGN, Inc. | XXXX-XXXX-9564 |
| Bank of America | Alliance NGN, Inc. | XXXXX-X7774 |
| Bank of America | Alliance NGN, Inc. | XXXXX-X8089 |
| Bank of America | Apollo REIT I | XXXX-XXXX-0222 |
| JPMorgan Chase | Apollo REIT II, LLC | XXX-XX7768 |
| Bank of America | US China Consultation Association | XXXX-XXXX-6580 |
| Bank of America | US China Consultation Association | XXXX-XXXX-5788 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Alliance Financial Group | XXXX-XXXX-0086 |
| Bank of America | Quail Ranch Golf Club, LLC | XXXX-XXXX-8268 |
| Bank of America | Quail Ranch Golf Club, LLC | XXXX-XXXX-8226 |
| Bank of America | Li Chen & Li Zhao | XXXXX-X2299 |
| Far East National Bank | Amkey, Inc. | XXX-XX0028 |
| First Regional Bank | Amkey, Inc. | XXX-XX0048 |
| First Regional Bank | Amkey VOIP | XXX-XX1813 |
| Bank of America | Aborell Investment Associates I, LLC | XXXX-XXXX-3659 |
| Torrey Pines Bank | Aborell REIT II, LLC | XXXXX-X6620 |
| Bank of America | Apollo Advisors I, LLC | XXXXX-X0157 |
| Bank of America | Apollo Investors | XXXX-X3662 |
| Bank of America | Apollo Mgmt I, LLC | XXXXX-X0171 |

Exhibit 3, Page 9 of 16

3182564.1



| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Apollo REIT II, LLC | XXXXX-X0203 |
| HSBC | Alliance NGN, Inc. | XXXXX9610 |
| Bank of Nova Scotia | Ammine SRL | XXX0053 |

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Chen and the Entity Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial in this action, from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Chen and the Entity Defendants.

## IX.

IT IS FURTHER ORDERED that Chen and the Entity Defendants, are relieved of their obligation under the TRO to produce accountings with five (5) days of the issuance of the TRO, and instead, shall, within thirty (30) days of the issuance of this Order, prepare and deliver to the SEC a detailed and complete schedule of all of their

1   personal assets, including all real and personal property exceeding $5,000 in value,
2   and all bank, securities, and other accounts identified by institution, branch address
3   and account number, wherever located. The accounting shall include a description of
4   the sources of all such assets. Such accounting shall be filed with the Court and a
5   copy shall be delivered to the SEC's Los Angeles Regional Office to the attention of
6   Donald W. Searles, Trial Counsel. After completion of the accounting, each of the
7   Defendants shall produce to the SEC's Los Angeles Regional Office, at a time
8   agreeable to the SEC, all books, records and other documents supporting or
9   underlying their accounting.

                                    **X.**

10

11       IT IS FURTHER ORDERED that any person who receives actual notice of this
12   Order by personal service or otherwise, and who holds, possesses or controls assets
13   exceeding $5,000 for the account or benefit of any one of the Defendants or the
14   Funds, are relieved of their obligation under the TRO to produce accountings with
15   five (5) days of the issuance of the TRO, and instead shall, within thirty (30)
16   receiving actual notice of this Order, provide counsel for the SEC with a written
17   statement identifying all such assets, the value of such assets, or best approximation
18   thereof, and any account numbers or account names in which the assets are held,
19   wherever located. After completion of the accounting, Chen and the Entity
20   Defendants shall produce to the SEC at a time agreeable to the SEC, books, records
21   and other documents supporting or underlying their accounting that are reasonably
22   requested by the SEC.

                                    **XI.**

23

24       IT IS FURTHER ORDERED that Thomas Seaman is appointed during the
25   pendency of this action as permanent receiver of the Entity Defendants and their
26   subsidiaries and affiliates, with full powers of an equity receiver, including, but not
27   limited to, full power over all funds, assets, collateral, premises (whether owned,
28   leased, occupied, or otherwise controlled), choses in action, books, records, papers



1    and other property belonging to, being managed by or in the possession of or control

2    of the Receivership Entities and their subsidiaries and affiliates and that such receiver

3    is immediately authorized, empowered and directed:

4        A.    to have access to and to collect and take custody, control, possession,

5               and charge of all funds, assets, collateral, premises (whether owned,

6               leased, occupied, or otherwise controlled), choses in action, books,

7               records, papers and other real or personal property, wherever located, of

8               or managed by the Entity Defendants and their subsidiaries and

9               affiliates, with full power to sue, foreclose, marshal, collect, receive, and

10              take into possession all such property (including access to and taking

11              custody, control, and possession of all property of the Receivership

12              Entities property, and that of their subsidiaries and affiliates);

13       B.    to have control of, and to be added as the sole authorized signatory for,

14              all accounts of the entities in receivership, including all accounts at any

15              bank, title company, escrow agent, financial institution or brokerage firm

16              (including any futures commission merchant) which has possession,

17              custody or control of any assets or funds of the Entity Defendants and

18              their subsidiaries and affiliates, or which maintains accounts over which

19              the Entity Defendants and their subsidiaries and affiliates, and/or any of

20              its employees or agents have signatory authority;

21       C.    to conduct such investigation and discovery as may be necessary to

22              locate and account for all of the assets of or managed by the

23              Receivership Entities and their subsidiaries and affiliates, and to engage

24              and employ attorneys, accountants and other persons to assist in such

25              investigation and discovery;

26       D.    to take such action as is necessary and appropriate to preserve and take

27              control of and to prevent the dissipation, concealment, or disposition of

28              any assets of or managed by the Entity Defendants and their subsidiaries

1    and affiliates;

2    E.    to make an accounting, as soon as practicable, to this Court and the SEC

3          of the assets and financial condition of the Entity Defendants, and to file

4          the accounting with the Court and deliver copies thereof to all parties;

5    F.    to make such payments and disbursements from the funds and assets

6          taken into custody, control, and possession or thereafter received by him

7          or her, and to incur, or authorize the making of, such agreements as may

8          be necessary and advisable in discharging his or her duties as receiver;

9    G.    to employ attorneys, accountants, and others to investigate and, where

10         appropriate, to institute, pursue, and prosecute all claims and causes of

11         action of whatever kind and nature which may now or hereafter exist as

12         a result of the activities of present or past employees or agents of the

13         Entity Defendants and their subsidiaries and affiliates; and

14   H.    to have access to and monitor all mail, electronic mail, and video phone

15         of the Receivership Entities in order to review such mail, electronic mail,

16         and video phone which he or she deems relates to their business and the

17         discharging of his duties as receiver.

### XII.

18

19   IT IS FURTHER ORDERED that the Entity Defendants and their officers,

20   agents, servants, employees and attorneys, and any other persons who are in custody,

21   possession or control of any assets, collateral, books, records, papers or other

22   property of or managed by any of the entities in receivership, shall forthwith give

23   access to and control of such property to the permanent receiver.  This turn over

24   requirement shall not constitute a waiver by Chen of his attorney-client or other

25   applicable privileges.

### XIII.

26

27   IT IS FURTHER ORDERED that no officer, agent, servant, employee or

28   attorney of the Entity Defendants shall take any action or purport to take any action,

1    in the name of or on behalf of the Entity Defendants without the written consent of

2    the receiver or order of this Court.

3                                                     **XIV.**

4          IT IS FURTHER ORDERED that, except by leave of this Court, during the

5    pendency of this receivership, all clients, investors, trust beneficiaries, note holders,

6    creditors, claimants, lessors and all other persons or entities seeking relief of any

7    kind, in law or in equity, from the Entity Defendants, or their subsidiaries or

8    affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note

9    holder, creditor, claimant, lessor, consultant group or other person, including sheriffs,

10   marshals, servants, agents, employees and attorneys, are hereby restrained and

11   enjoined from, directly or indirectly, with respect to these persons and entities:

12       A.    commencing, prosecuting, continuing or enforcing any suit or

13              proceeding (other than the present action by the SEC or any other action

14              by the government) against any of them;

15       B.    using self-help or executing or issuing or causing the execution or

16              issuance of any court attachment, subpoena, replevin, execution or other

17              process for the purpose of impounding or taking possession of or

18              interfering with or creating or enforcing a lien upon any property or

19              property interests owned by or in the possession of the Entity

20              Defendants; and

21       C.    doing any act or thing whatsoever to interfere with taking control,

22              possession or management by the temporary receiver appointed

23              hereunder of the property and assets owned, controlled or managed by or

24              in the possession of the Entity Defendants, or in any way to interfere

25              with or harass the temporary receiver or his or her attorneys,

26              accountants, employees, or agents or to interfere in any manner with the

27              discharge of the receiver's duties and responsibilities hereunder.

28                                                    **XV.**

1    IT IS FURTHER ORDERED that the Entity Defendants, and their subsidiaries,

2  affiliates, officers, agents, servants, employees and attorneys, shall cooperate with

3  and assist the receiver and shall take no action, directly or indirectly, to hinder,

4  obstruct, or otherwise interfere with the permanent receiver or his or her attorneys,

5  accountants, employees or agents, in the conduct of the temporary receiver's duties or

6  to interfere in any manner, directly or indirectly, with the custody, possession,

7  management, or control by the receiver of the funds, assets, collateral, premises, and

8  choses in action described above.

9                                          **XVI.**

10    IT IS FURTHER ORDERED that the Entity Defendants and their subsidiaries

11  and affiliates, shall pay the costs, fees and expenses of the permanent receiver

12  incurred in connection with the performance of his or her duties described in this

13  Order, including the costs and expenses of those persons who may be engaged or

14  employed by the receiver to assist him or her in carrying out his or her duties and

15  obligations.  All applications for costs, fees, and expenses for services rendered in

16  connection with the receivership (including applications for attorney's fees) other than

17  routine and necessary business expenses in conducting the receivership, such as

18  salaries, rent, and any and all other reasonable operating expenses, shall be made by

19  application setting forth in reasonable detail the nature of the services and shall be

20  heard by the Court.

21                                          **XVII.**

22    IT IS FURTHER ORDERED that no bond shall be required in connection with

23  the appointment of the permanent receiver.  Except for an act of gross negligence, the

24  receiver shall not be liable for any loss or damage incurred by any of the defendants,

25  their officers, agents, servants, employees and attorneys or any other person, by

26  reason of any act performed or omitted to be performed by the receiver in connection

27  with the discharge of his or her duties and responsibilities.

28                                          **XVIII.**

3182564.1                                15



1       IT IS FURTHER ORDERED that representatives of the SEC and any other

2  government agency are authorized to have continuing access to inspect or copy any

3  or all of the corporate books and records and other documents of the Entity

4  Defendants and continuing access to inspect their funds, property, assets and

5  collateral, wherever located.

6                            **XIX.**

7       IT IS FURTHER ORDERED that Chen and the Entity Defendants are relieved

8  of their obligation to respond to the SEC's expedited discovery requests concerning

9  Defendants, their assets and activities, and that discovery shall hereafter proceed in

10  accordance with Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil

11  Procedure and the corresponding Local Rules of this Court.

12                            **XX.**

13       IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

14  action for the purpose of implementing and carrying out the terms of all orders and

15  decrees which may be entered herein and to entertain any suitable application or

16  motion for additional relief within the jurisdiction of this Court.

17

18      IT IS SO ORDERED.

19

20  Dated:  October 6, 2015

21                     HON. GARY KLAUSNER

                          UNITED STATES DISTRICT JUDGE

22

23  Presented by:
    Donald W. Searles

24  Attorney for Plaintiff
    Securities and Exchange Commission

25

26

27

28

3182564.1

16

# First Class Mail

**Allen Matkins**

Allen Matkins Leck Gamble Mallory & Natsis LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
tel. 213.622.5555 | fax. 213.620.8816

www.allenmatkins.com

*To*

Tim C. Hsu, Esq.
Associate
Allen Matkins Leck Gamble Mallory &
Natsis LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3309

Hasler
10/14/2015
US POSTAGE